IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| KENNETH WAYNE WHITSON | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:15-cv-02276-VEH-JEO |
| | ) | |
| STATE OF ALABAMA and | ) | |
| LAUDERDALE COUNTY | ) | |
| CIRCUIT JUDICIAL COURT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the court on the objections (docs. 23 and 24) to the Magistrate Judge's Report and Recommendation (doc. 21). The court notes that, while the Plaintiff sometimes uses the word "fact" in his objections, he is in actuality arguing that the Magistrate Judge was wrong on the law.[1]

---

[1] In the Report and Recommendation, the Magistrate Judge wrote: "The plaintiff expressly states that he has been appointed counsel. It is unclear why the plaintiff argues throughout his amended complaint that the state court failed to appoint him counsel." (R&R, doc. 21, at 4 fn.1) (internal citations to case pleadings omitted). The court notes that the Plaintiff clarified the issue about his lack of counsel by stating that he had counsel - apparently three different attorneys at different times (doc. 24 at 2, "his third appointed counsel"), but argues that they were appointed "only in the 'verbal' sense but not in the terms as (physically) as necessary to satisfy amendment 6th of the United States Constitution." (Doc. 24 at 1-2). The undersigned interprets the Plaintiff's pleadings, as so clarified, to allege that he was not appointed Constitutionally adequate counsel in a timely manner. However, this clarification does not in any way call into question the Magistrate Judge's legal analysis.

What the Plaintiff fails to understand is that he only named two defendants: the State of Alabama and the Lauderdale County Circuit Judicial Court. But, as the Magistrate Judge correctly found, the Eleventh Amendment deprives this court of jurisdiction over any claim against a state, including its agencies and departments. *Uberoi v. Supreme Court of Florida*, 819 F.3d 1311, 1313 (11th Cir. 2016)("[The court nonetheless lacked jurisdiction over that claim because sovereign immunity independently bars it. Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments.")(internal citations omitted). A state court, such as the Lauderdale County Circuit Court, is clearly an agency or department of the State of Alabama, and so this court lacks jurisdiction over claims against it.[2]

Accordingly, the court, having considered the findings and recommendation, and having reviewed the entire file, concludes that the magistrate judge's findings and recommendation are correct. Accordingly, the findings and recommendation are **ADOPTED** as the opinion of the court.  It is **EXPRESSLY DETERMINED** that, pursuant to 28 U.S.C. § 1915A, all claims of the Plaintiff are hereby **DISMISSED WITHOUT PREJUDICE**.

---

[2] Sovereign immunity does not apply where a state waives it or Congress validly abrogates it, but the Plaintiff does not argue that either of those exceptions applies to his claims.

**DONE** and **ORDERED** this the 13th day of June, 2016.

See attached Notice regarding appeal rights.

**VIRGINIA EMERSON HOPKINS**
United States District Judge